## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**JAMES RON CRAWFORD**                                      **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 4:10CV141-HTW-LRA**

**HARTFORD LIFE AND**
**ACCIDENT INSURANCE COMPANY**                              **DEFENDANT**

### ORDER

THIS CAUSE came before the Court for telephonic hearing on September 30, 2011, on Plaintiff Crawford's Motion to Compel Rule 30(b)(6) Deposition of Defendant, ECF No. 33, and Defendant Hartford's Motion for Entry of Protective Order, ECF No. 38.

Crawford seeks recovery of long-term disability benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ["ERISA"].  Crawford filed a Second Amended Notice of 30(b)(6) Deposition of Hartford [ECF No. 30] and requests the Court to compel the deposition on the noticed topics.  Hartford seeks a protective order wherein it requests that the Court quash the deposition notice.  The Court finds that Hartford attempted to resolve this controversy in good faith prior to the filing of the motions, and no sanctions are appropriate.  The undersigned encourages the parties to resolve such matters without court intervention, and no sanctions will be imposed when it is obvious that such efforts were made.

Crawford's Second Amended Notice includes 23 categories of testimony for a corporate representative and 22 requests for production.  Hartford objected to the Requests

on the basis that they were overly broad, unduly burdensome and beyond the scope of evidence permissible in this ERISA-governed suit.

This Court's review is constrained to the administrative record, to that evidence which was before the plan administrator in resolving a plaintiff's claim for benefits; the Court may not open the record and conduct discovery as to these determinations, or indulge in fact-finding. *Gooden v. Provident Life & Accident Ins. Co.,* , 250 F.3d 329, 333 (5th Cir. 2001). The parties concede that this Court's review is subject to an arbitrary and capricious standard of review, and that the applicable law provides only for limited discovery.

In the recent case of *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 263-264 (5th Cir. 2011), the Fifth Circuit reversed a magistrate judge's decision to deny a motion to compel a claimant's requested discovery in an ERISA case. In doing so, the Court discussed and explained its prior holdings[1] regarding discovery in ERISA cases. It concluded that discovery may be allowed only on three narrow topics (separate and apart from coverage issues):

1. To question the completeness of the administrative record;

2. Whether the plan administrator complied with ERISA's procedural regulations; and,

---

[1]The Court's prior cases are *Vega v. National Life Insurance Services, Inc.,* 188 F.3d 287 (5th Cir. 1999) (en banc), *abrogated on other grounds by Metro Life Ins. Co. v. Glenn*, 554 U.S. 105 (5th Cir. 2008), and its progeny, *Estate of Bratton v. National Union Fire Insurance Company*, 215 F.3d 516 (5th Cir. 2000).

> 3.     The extent of a conflict of interest created by a plan administrator's
>        dual role in making benefits determinations and funding the plan.

*Id.* at 263.

Although the Court allowed discovery in these three categories, it also cautioned courts to "monitor discovery closely" and "guard against abusive discovery."  *Id.*  ERISA cases are strictly limited to the administrative records, and a participant is "not entitled to a second chance to produce evidence demonstrating that coverage should be afforded."  *Id.* at 263, citing *Vega,* 188 F.3d at 299-300.

Under the circumstances of this case, the Court finds that a deposition is unduly burdensome and expensive, and the information sought could just as effectively be provided in response to written discovery.  The cost of a live deposition is prohibitive and would undermine ERISA's goal of resolving claims efficiently and inexpensively.  *Id.* at 264, citing *Semien v. Life Ins. Co. of No. Am.,* 436 F.3d 805, 814-15 (7th Cir. 2006).  As a general rule, unless very specific circumstances are set forth by a claimant which show that certain information involving one of the three areas of appropriate discovery can only be discovered via a deposition, then depositions will be not be approved in ERISA cases by the undersigned.  This is the standing practice in ERISA cases.

With that said, the Court also finds that Plaintiff shall be allowed to modify its discovery in order to propound additional written interrogatories.  The primary focus should of this discovery should relate to that regarding the existence and extent of a conflict of

interest which may have been created by the plan administrator's dual role in making benefits determinations and funding the plan.

The undersigned notes that is questionable as to whether the completeness of the 762 page administrative record is actually disputed or whether or not Crawford has alleged any procedural violations.  Crawford contends that he may discover that the record is not complete, or that the plan administrator did not fully comply with all regulations, if he is allowed the requested discovery.  Yet, he sets forth no underlying factual basis which would indicate such problems, and he is not entitled to use the discovery process to go on a fishing expedition in order to find problems when he has no reason to believe such errors occurred. With this caveat in mind, the Court shall allow written discovery on these two areas if Crawford carefully tailored to these areas only.  Counsel are urged to compromise and settle the issue of whether or not the proposed discovery is appropriate.

Plaintiff shall be allowed to make discovery requests in these two areas, but should strictly limit the requests to discovery which clearly relates to the completeness of the administrative record; or to whether the plan administrator complied with ERISA's procedural regulations.

If there are specific documents which clearly relate to these three areas of appropriate discovery, but are not included to the administrative record, they may be requested.

4

ACCORDINGLY, it is, therefore, ORDERED:

1.      Plaintiff Crawford's Motion to Compel Rule 30(b)(6) Deposition of

Defendant, ECF No. 33, and Defendant Hartford's Motion for Entry of

Protective Order, ECF No. 38, are GRANTED in part and DENIED in part, as

set forth above.

2.      On or before November 21, 2011, Plaintiff may propound up to 25

interrogatories, subject to the rulings set forth above.

IT IS SO ORDERED, this the 1st day of November, 2011.



                                        S/ Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE

5